United States District Court
Southern District of Texas
**ENTERED**
May 24, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Zachery Owen Henry, § | |
| § | |
| *Petitioner,* § | |
| § | Case No. 4:22-cv-01121 |
| v. § | |
| § | |
| Bobby Lumpkin, Director, § | |
| Texas Department of Criminal § | |
| Justice, Correctional Institutions § | |
| Division, § | |
| § | |
| *Respondent.* § | |
| § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

Petitioner Zachery Owen Henry filed a petition under 28 U.S.C. § 2254 challenging his state conviction and thirty-year sentence for assault with a deadly weapon.  Civ. Dkts. 1, 2.  Respondent Bobby Lumpkin (the "Director") filed a motion to dismiss, asserting that Henry's petition is barred by limitations.  Dkt. 13.  After carefully considering Henry's petition and supporting memorandum, the Director's motion, the record, Dkt. 14, and the applicable law, it is recommended that the Director's motion be granted and that Henry's petition be dismissed with prejudice.  It is further recommended that the Court decline to hold an evidentiary hearing and decline to issue a certificate of appealability.

## Background

In 2018, Henry was indicted for assaulting his dating partner, Candace West, with a deadly weapon and causing her serious bodily injury. Dkt. 14-2 at 25 (indictment). He was sentenced to 30 years imprisonment. Dkt. 14-2 at 38 (judgment).

Henry had entered into a plea agreement for the charged offense. Dkt. 14-2 at 26-30. The factual stipulation in the plea agreement mistakenly identified the assault victim as "Donna Cathleen Ray." *Id.* at 29. Nevertheless, in the plea agreement, Henry explicitly attested, "I have read the Indictment and I committed each and every element alleged on the date alleged in the Indictment." *Id.* at 27-28.

At the sentencing hearing, Henry attested that understood the contents of the plea agreement, had initialed and signed the document, and had decided voluntarily to plead guilty to the charged offense. *Id.* at 32-34. For its factual proffer, the State relied on the stipulation in the plea agreement. *Id.* at 35. The judgment incorporated the plea agreement and was entered on November 26, 2019. *Id.* at 38. Henry did not appeal his conviction.

On June 1, 2021, Henry filed an application for state habeas relief. Dkt. 14-2 at 19. The application raised four grounds for relief, all based on the inconsistency between the victim's name as stated in the indictment and in Henry's plea agreement. Dkt. 14-2 at 9-16 (asserting violations of the Fifth,

Sixth, and Fourteenth Amendments because no evidence supported his conviction, because there was no valid charging instrument for the offense, and based on claims of actual innocence, and ineffective assistance of counsel). The Texas Court of Criminal Appeals directed the trial court to develop the record by making findings of fact and conclusions of law. Dkt. 14-3 at 4-5.

On remand, the trial court found that the victim's name—for unknown reasons—was erroneously stated in the plea agreement as Donna Cathleen Ray, who was a witness in the case. *Id.* at 6-7. Henry, the State's Attorney, Henry's counsel, and the Court had not caught this error. *Id.* But the trial court found that Henry pleaded guilty and voluntarily, including by verifying his initials on all relevant paragraphs of the plea agreement, stating in open court that he understood the allegations in the indictment, and confessing to those allegations. *Id.* at 6-7. Based on the testimony of Henry's counsel, the trial court also found that Henry received constitutionally adequate counsel under *Strickland v. Washington*, 466 U.S. 688 (1984). *Id.* at 7. After reviewing these findings and conclusions, the Texas Court of Criminal Appeals denied Henry's application on March 2, 2022, without a written order. Dkt. 14-1.

On April 5, 2022, Henry mailed the pending petition for federal habeas relief under 28 U.S.C. § 2254. Dkt. 1 at 15. After the Court ordered the Director to file an answer, Dkt. 8, the Director moved to dismiss, Dkt. 13.

## Legal standard

The Antiterrorism and Effective Death Penalty Act ("AEDPA") curtails the grounds on which a federal court may issue a writ of habeas corpus. Relief is available for claims that were adjudicated on the merits only if the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 7-8 (2002) (quoting 28 U.S.C. § 2254(d)); *Cobb v. Thaler*, 682 F.3d 364, 372-73 (5th Cir. 2012) (same). The analysis is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011).

## Analysis

Henry asserts four grounds for relief under § 2254, all of which are premised on an error in his plea agreement, which stated that the person he assaulted was Donna Cathleen Ray (actually a witness) instead of Candace West, as charged in the indictment. Dkt. 1 at 8-11 (relying on same facts to allege due process violations, actual innocence, involuntary plea, and ineffective assistance of counsel). The Director responds that the bulk of Henry's claims are time-barred, and he is not entitled to equitable tolling. Dkt. 13 at 4-10. The Director also argues that Henry fails to make a sufficient

showing on his remaining claim for actual innocence, which otherwise would be excepted from AEDPA's statute of limitations. *Id.* at 10-12. These issues are addressed in turn.

## I.   <u>Henry has not shown extraordinary circumstances that warrant equitable tolling of his untimely petition.</u>

The Director argues—and Henry forthrightly concedes, Dkt. 2 at 4-5—that Henry's petition was filed after AEDPA's one-year limitations period expired. That limitations period runs from the latest of the following dates:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Henry does not invoke the alternatives in subparts (d)(1)(B) through (d)(1)(D), and none of those options applies. The limitations period therefore runs from the date when his conviction became final, *id.* § 2244(d)(1)(A).

Because Henry did not appeal his conviction, it became final on December 26, 2019, thirty days after the trial court judgment was signed. Dkt. 14-2 at 38 (Nov. 26, 2019 judgment); *see Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000) (citing Tex. R. App. P. 26.2(a)). As a result, his federal habeas petition was due one year later, on December 28, 2020.[1] 28 U.S.C. § 2244(d)(2). That was the last date for Henry to deliver his petition to prison officials for mailing. *See Richards v. Thaler*, 710 F.3d 573, 578-79 ("[U]nder Texas law[,] the pleadings of *pro se* inmates, including petitions for state post-conviction relief, are deemed filed at the time they are delivered to prison authorities, not at the time they are stamped by the clerk of the court.").

But Henry did not mail his petition until April 5, 2022, more than fifteen months after the deadline had expired. Dkt. 1 at 15. His application for state habeas relief, filed on June 1, 2021, Dkt. 14-2 at 19, did not toll the limitation period "because it was not filed until *after* the [federal] period of limitation had expired." *See Scott*, 227 F.3d at 263.

Instead, Henry invokes equitable tolling based on "unprecedented circumstances" caused by the COVID-19 pandemic. Dkt. 2 at 5. "Equitable tolling is 'a discretionary doctrine that turns on the facts and circumstances of

---

[1] Because the one-year mark fell on Saturday, December 26, 2020, it was extended until the next business day: Monday, December 28, 2020. *See* Fed. R. Civ. P. 6(a)(1)(C).

a particular case.'" *Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022) (quoting *Fisher v.* Johnson, 174 F.3d 710, 713 (5th Cir. 1999)).  To demonstrate that tolling is warranted, a petitioner must show both "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).  "Highlighting the doctrine's limited scope," the Fifth Circuit had stated that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013) (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *abrogated on other grounds by Causey v. Cain*, 450 F.3d 601, 604-06 (5th Cir. 2006)).

According to Henry, he attempted to obtain his court records in March 2020 but receive no response from the clerk's office.  Dkt. 1-1 at 1.  His unit was then locked down due to the COVID-19 pandemic, and the prison law library closed.  *Id.* at 1-2.  Henry enlisted the assistance of his stepfather in April 2020, but his stepfather could not consult any attorneys on Henry's behalf until Henry obtained and executed a power-of-attorney form months later, in October 2020.  *Id.* at 2-3.  In the interim, multiple family members contracted COVID-19 and passed away, which delayed his stepfather's assistance.  *Id.* at 3; *see also* Dkt. 1-1 at 10 (affidavit of Gregory Willis).

This series of events does not meet the requirements for equitable tolling.  First, Henry has not shown that he exercised due diligence.  Henry's delay in obtaining his state court records stemmed largely from his decision to delegate this task to his stepfather.  Although Henry initially requested those records from the state court in March 2020, there is no indication that he followed up on that request, nor that he took other steps to obtain them himself through other avenues, like from his trial counsel.  *See id.* at 1-5.  Instead, it was his stepfather who eventually sought and obtained them from Henry's trial counsel many months later, in October 2020, after Henry was able to provide his stepfather an executed power of attorney form.  *Id.* at 3-4, 11.  As for preparing the petition, Henry relied on an inmate paralegal who had legal experience with post-conviction filings to research the issues, which did not occur until May 2021.  Dkt. 1-1 at 4-5.  Yet Henry provides no facts suggesting that he diligently sought this resource.

Second, Henry has not shown that extraordinary circumstances prevented him from timely filing his habeas petition, despite his limited access to legal resources at the prison law library.  Lack of access to legal materials cannot provide a basis for tolling unless it prevented Henry from timely filing a habeas petition.  *See Krause v. Thaler*, 637 F.3d 558, 561-62 (5th Cir. 2011) (affirming denial of habeas relief for failure to make this showing).  But here, Henry had full access to the law library for at least two (and as much as three)

months between the date his conviction became final and the date when the library was closed on an unspecified date in March 2020.[2] *See, e.g.*, *Alvarez v. Lumpkin*, 2021 WL 4777497, at *3 (S.D. Tex. Sept. 7, 2021) (noting similar access to law library "for at least four months" of a petitioner's limitations period "prior to the pandemic"), *report and recommendation adopted*, 2021 WL 4776747 (S.D. Tex. Oct. 12, 2021).

Moreover, as the Director notes, Dkt. 13 at 9-10, courts within the Fifth Circuit have repeatedly found that prison lockdowns during the one-year limitations period, including those stemming from the COVID-19 pandemic, do not justify equitable tolling, particularly when there is no showing that the lack of access to law library materials prevented the petitioner from timely filing a petition. *See, e.g.*, *Carter v. Lumpkin*, 2022 WL 897876, at *2 & n.4 (S.D. Tex. Mar. 26, 2022) (denying equitable tolling despite COVID-19 lockdown restrictions that included lack of access to the law library or legal materials); *Trevino v. Lumpkin*, 2021 WL 7184955, at *2 (S.D. Tex. Oct. 14, 2021) (finding no evidence "that diminished access to law library materials actually prevented [petitioner] from timely filing his federal petition"), *report and recommendation adopted*, 2022 WL 263470 (S.D. Tex. Jan. 28, 2022); *see also, e.g.*, *Newman v. Director, TDCJ-CID*, 2022 WL 18779708, at *3 (N.D. Tex.

---

[2] Copies of unpublished opinions cited herein are attached.

Nov. 28, 2022) (collecting authorities and reaching similar conclusion), *report and recommendation adopted*, 2023 WL 2090988, at \*3 (N.D. Tex. Feb. 16, 2023). This is consistent with Fifth Circuit law holding that difficulties conducting legal research because of lack of legal assistance or sporadic lockdowns fail to provide grounds for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000) (explaining that "ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling").

These limitations apply with even greater force here because Henry ultimately relied on an inmate paralegal to research the issues in his habeas petition—although not until May 2021. Dkt. 1-1 at 6-7 (Henry's unsworn declaration). Henry did not do the research himself. He therefore has not shown a causal link between his lack of access to the prison law library and the untimely filing of his petition.

## II.  **Henry has not satisfied the high threshold for demonstrating actual innocence.**

The Court also agrees with the Director that Henry's actual innocence claim fails to overcome the untimeliness of his § 2254 petition. *See* Dkt. 13 at 10-12. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" even if the statute of limitations would bar relief. *Hancock v. Davis*, 906 F.3d 387, 389 (5th Cir. 2018) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)). But "a credible gateway claim [of actual

10

innocence] requires [the] petitioner to support his allegations of constitutional error with new reliable evidence ... that was not presented at trial."   *Id.* (internal quotation marks omitted).  Examples include "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

"Evidence does not qualify as 'new' under the *Schlup* actual-innocence standard if 'it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.'" *Hancock*, 906 F.3d at 389-90 (quoting *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008)).  For this reason, "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Perkins*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329).

Henry's actual innocence claim does not rely on any new evidence that meets this test.  Rather, Henry asserts that his plea agreement paperwork misidentified the victim as someone (Donna Cathleen Ray), other than the victim in the indictment (Candace West).  Those documents were part of the state trial court record.  Dkt. 14-2 at 25, 29.  Because the contents of those documents were available to Henry had he reasonably investigated the file, there is nothing new about them.  *See Hancock*, 906 F.3d at 389-90; *see also,*

11

*e.g.*, *Baldobino v. Lumpkin*, 2022 WL 902639, at *4 (S.D. Tex. Mar. 28, 2022) (finding that § 2254 petition was time-barred where actual innocence theory relied on evidence "that was in the trial record").

Furthermore, Henry has not shown that the information contained in his state-court records would have convinced a reasonable jury to acquit him beyond a reasonable doubt. Henry does not assert that he did not commit the assault as charged in the indictment. To the contrary, Henry explicitly indicated in the plea agreement that he read the indictment "and I committed each and every element alleged on the date alleged in the Indictment." Dkt. 14-2 at 87. He therefore fails to substantiate a viable actual innocence claim.

## III.  **Henry is not entitled to an evidentiary hearing or a certificate of appealability.**

Because the record conclusively shows that Henry is not entitled to relief, an evidentiary hearing is unnecessary. *See* 28 U.S.C. § 2255(b); *see also, e.g.*, *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). This Court should decline to hold one.

In addition, to obtain a certificate of appealability, Henry must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires him to demonstrate "that reasonable jurists would find [this Court's] assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack v. McDaniel*, 529

U.S. 473, 484 (2000)).  Here, no reasonable jurist would debate the conclusions that Henry failed to state a cognizable actual innocence claim and failed to demonstrate any basis for equitably tolling his other allegations.  Accordingly, this Court should deny a certificate of appealability *sua sponte*.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that the Director's motion to dismiss (Dkt. 13) be **GRANTED** and that Henry's petition be **DISMISSED**.  It is further **RECOMMENDED** that the Court decline to hold an evidentiary hearing and decline to issue a certificate of appealability.

**The parties have fourteen days from service of this Report and Recommendation to file written objections.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.  *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on May 24, 2023, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge

13

Case 4:22-cv-01121   Document 17   Filed on 05/24/23 in TXSD   Page 14 of 43

2021 WL 4777497
Only the Westlaw citation is currently available.
United States District Court, S.D. Texas, Victoria Division.

Rodolfo Martinez ALVAREZ, Petitioner,

v.

Bobby LUMPKIN, Respondent.

Civil Action No. 6:21-CV-21

Signed 09/07/2021

**Attorneys and Law Firms**

Rodolfo Martinez Alvarez, Rosharon, TX, Pro Se.

Edward Larry Marshall, Elizabeth A. Goettert, Office of the Texas Attorney General, Austin, TX, for Respondent.

**MEMORANDUM AND RECOMMENDATION**

Jason B. Libby, United States Magistrate Judge

**\*1** Petitioner, Rodolfo Martinez Alvarez, is a state prisoner incarcerated at the Darrington Unit in Rosharon, TX. (D.E. 1). Proceeding *pro se*, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his 2017 Victoria County conviction for murder. (D.E. 1, Page 2). Pending is Respondent's Motion for Summary Judgment filed on July 29, 2021 to which Petitioner responded on August 13, 2021. (D.E. 16 and D.E. 20). For the reasons stated below, it is respectfully recommended the Court **GRANT** Respondent's Motion for Summary Judgment (D.E. 16) and **DISMISS** this action as time barred. The undersigned further recommends the Court **DENY** a Certificate of Appealability.

**I. JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241 and 2254. A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000). Jurisdiction and venue are proper in this Court because Petitioner was convicted within the Victoria Division of the Southern District of Texas. *Id.*; 28 U.S.C. § 124(b)(5). This case has been referred to the undersigned pursuant to 28 U.S.C. § 636.

**II. BACKGROUND**

On December 19, 2017, Petitioner was found guilty of murder after a jury trial in the 377th District Court of Victoria County and was sentenced to life imprisonment. (D.E. 15-28, Pages 60-62). [1] Petitioner filed an appeal and on April 25, 2019, the Thirteenth Court of Appeals of Texas affirmed the trial court's judgment. (D.E. 15-1 and D.E. 15-2); *Alvarez v. State*, No. 13-18-0053-CR, 2019 WL 1831749 (Tex. App.–Corpus Christi-Edinburg Apr. 25, 2019, pet. ref'd). Petitioner filed a Petition for Discretionary Review which was refused by the Texas Court of Criminal Appeals ("CCA") on August 21, 2019. *Id.* Over two years later, on December 18, 2020, Petitioner filed a state habeas application which was denied on February 24, 2021 without written order. (D.E. 15-26 and D.E. 15-28, Pages 5 and 21). Petitioner then filed this federal habeas action on April 1, 2021. (D.E. 1, Page 10).

### III. RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

**\*2** Respondent asserts this action should be summarily dismissed as time barred. The undersigned agrees. Petitioner's habeas petition is not timely filed pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA") which establishes a one-year statute of limitations period runs from the latest of four alternative dates:

(A) the date on which the judgment become final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This period is tolled during the time a petitioner properly files for state post-conviction writ review. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.") Petitioner filed his current petition after the effective date of AEDPA and so is subject to its provisions. *Lindh v. Murphy*, 521 U.S. 320 (1997).

Petitioner did not file a petition for writ of certiorari and therefore, his conviction became final on November 19, 2019, when the time for filing a petition for writ of certiorari expired 90 days after his PDR was refused on August 21, 2019. *See* 28 U.S.C. § 2244(d)(1)(A); *Bradshaw v. Davis*, 736 F. App'x 457, 459-61 (5th Cir. 2018). As such, Petitioner had one year, until November 19, 2020, to timely file a federal application for habeas corpus relief. Petitioner's state habeas application filed on December 18, 2020, after the limitations period ended, "did not statutorily toll the limitation clock." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013). Petitioner filed the pending federal habeas petition on April 1, 2021, over four months too late. 28 U.S.C. § 2244(d).

However, the one-year period of limitations in § 2244(d)(1) of AEDPA is not a jurisdictional bar and can be equitably tolled in rare and exceptional circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *Umana v. Davis*, No. 18-20127, 2019 WL 5106366, at \*2-3 (5th Cir. Oct. 11, 2019). A petitioner is entitled to equitable tolling if he shows he has been pursuing his rights diligently and some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted); *see also Palacios*, 723 F.3d at 604 (citing *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) (citations omitted)). "[N]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Id.*; *See also Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (citing *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) (It is "clear that a lack of knowledge of the law, however understandable it may be, does not ordinarily justify equitable tolling.") (citation omitted). Nor does unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason) or lack of representation during the applicable filing period merit equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 393 (5th Cir. 1999) (citation omitted).

**\*3** Petitioner asserts equitable tolling is justified due to the "extraordinary circumstances" presented by the COVID-19 pandemic during the limitations period. Specifically, Petitioner alleges that due to the current pandemic mandates, he was somehow prevented from filing a timely federal habeas petition. (D.E. 20, Page 2). Petitioner offers no additional reasoning or argument as to specifically how COVID-19 mandates impeded his ability to comply with the statute of limitations. In his federal habeas petition challenging his aggravated assault conviction, Petitioner asserts COVID-19 related lockdowns prevented him from obtaining legal assistance and from accessing necessary legal materials. (Case No. 6:21-cv-19, D.E. 20). Therefore, the undersigned will address these arguments.

Lack of access to a law library may in some circumstances toll the one-year limitations period. *Egerton v. Cockrell*, 334 F.3d 433, 438-39 (5th Cir. 2003). However, to toll the limitations period, the lack of library access must have actually prevented the prisoner from filing his habeas petition. *Krause v. Thaler*, 637 F.3d 558, 561-62 (5th Cir. 2011). In this case, Petitioner has not presented any evidence that diminished access to law library materials actually prevented him from timely filing his federal petition. Petitioner's statute of limitations expired on November 19, 2020, meaning he had full access to the law library for at least four months of his one-year limitations period prior to the pandemic. *Ramos v. Lumpkin*, No. SA-20-CA-01448-FB, 2021 WL 3410314, at \* 3 (W.D. Tex. Aug. 4, 2021) ("As the majority of Petitioner's limitations period took place prior to the initiation of any COVID-19 protocols, his arguments regarding intermittent library access as a result of COVID-19 do little to explain why Petitioner could not have filed the instant petition earlier.") Additionally, the § 2254 form petition does not require a petitioner to analyze or cite case law.

Further, courts in this Circuit have repeatedly found that prison lockdowns, including COVID-19 related lockdowns, that occur during the one-year limitations period do not justify equitable tolling. *Cruz v. Lumpkin*, No. 4:21-CV-610-P, 2021 WL 3710568, at \* 2-3 (N.D. Tex. Aug. 18, 2021) (Intermittent lockdowns, limited access to the prison law library and an inability to obtain legal assistance because of COVID-19 pandemic procedures did not prevent petitioner from filing a federal habeas petition and are therefore not grounds for equitable tolling); *Ramos*, 2021 WL 3410314, at \* 3 (Delays in accessing library materials because of COVID-19 protocols and lockdowns do not constitute an "extraordinary circumstance" which prevented Petitioner from timely filing his federal habeas petition); *United States v. Pizarro*, No. CR 16-63, 2021 WL 76405, at \*2 (E.D. La. Jan. 8, 2021) (finding a COVID-19 lockdown which "impeded [Petitioner's] access to the facility's law library" did not justify equitable tolling as it did not actually prevent the petitioner from timely filing his habeas petition); *Coppin v. United States*, 3:10-CR0345-K91, 2018 WL 1122175, at \*4 (N.D. Tex. Mar. 1, 2018) (A series of institutional lockdowns did not constitute an extraordinary circumstance to warrant equitable tolling); *Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011) (Temporary denial of access to research materials and inadequacies in the prison law library were not extraordinary circumstances sufficient to warrant equitable tolling).

Petitioner does not provide any information about the specific dates when his unit was in lockdown or when he was denied access to law library materials as a result. The undersigned declines to infer that it was from prior to November 19, 2020, when the statute of limitations expired, to over four months later when Petitioner filed this habeas petition. Further, Petitioner's ability to file his state habeas petition during this period on December 18, 2020 suggests his ability to seek relief from the Court was not actually obstructed by any lockdown. Additionally, he could have sought state habeas relief after his PDR was denied in 2019, well before the current pandemic. Petitioner was not diligent in pursuing his rights, delaying over four months past the deadline to pursue his federal habeas remedy. Further, Petitioner has failed to demonstrate the relatively ordinary occurrence of prison lockdowns became an extraordinary circumstance that prevented the timely filing of his petition. While it may have been more difficult to complete and file his federal habeas petition, the undersigned recommends the COVID-19 pandemic did not prevent Petitioner from timely seeking § 2254 relief within one year from November 19, 2019.

**\*4** Additionally, Petitioner's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Lastly, Petitioner's claim is based upon evidence that was available

to him during the limitations period. Without a basis for equitable or statutory tolling, Petitioner's writ should be dismissed as time barred.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA"). A district court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis added).

In Petitioner's case, it is recommended that the Court find his claims be dismissed on procedural grounds. Reasonable jurists would not find that Petitioner has stated a valid claim of denial of a constitutional right, or that the assessment of limitations in this case is debatable. If the District Judge orders that Petitioner's habeas petition be denied and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the Court find a COA be denied because he has not made the necessary showing for issuance.

## V. RECOMMENDATION

Because there is no evidence that an extraordinary circumstance actually prevented Petitioner from filing a timely federal petition, the undersigned **RECOMMENDS** he is not entitled to equitable tolling and his petition is untimely. Therefore, it is respectfully **RECOMMENDED** that the Court **GRANT** Respondent's Motion for Summary Judgment (D.E. 16) and **DISMISS** this action as time barred. The undersigned further **RECOMMENDS** the Court **DENY** a Certificate of Appealability.

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

**\*5** A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

Alvarez v. Lumpkin, Slip Copy (2021)

2021 WL 4777497

**All Citations**

Slip Copy, 2021 WL 4777497

**Footnotes**

1    Petitioner caused a high-speed vehicle collision, injuring one mother (broken arm, eight broken ribs, lacerations to her head and back and a collapsed lung) and ultimately killing her nine-year-old daughter (removal of life support after a coma). (D.E. 15-1, Pages 1-2). Petitioner was traveling approximately 89 miles per hour when he rear-ended their vehicle, causing it to leave the roadway, coming to rest in a ditch 441 feet away. (D.E. 15-1, Pages 3 and 6). Petitioner was found to be intoxicated at the scene after failing field sobriety tests and, after refusing to provide a voluntary blood specimen and a search warrant was obtained, his blood alcohol concentration at the hospital was .101. (D.E. 15-1, Pages 5-6).

Separate trials were conducted for the aggravated assault of the mother and for the murder of her child. Petitioner challenges his aggravated assault conviction in a separate habeas action in this Court. Case No. 6:21-cv-19.

---

**End of Document**                                    © 2023 Thomson Reuters. No claim to original U.S. Government Works.

2021 WL 4776747
Only the Westlaw citation is currently available.
United States District Court, S.D. Texas, Victoria Division.

Rodolfo Martinez ALVAREZ, Petitioner,

v.

Bobby LUMPKIN, Respondent.

Civil Action No. 6:21-CV-00021

|

Signed 10/12/2021

|

Entered 10/13/2021

**Attorneys and Law Firms**

Rodolfo Martinez Alvarez, Rosharon, TX, Pro Se.

Edward Larry Marshall, Elizabeth A. Goettert, Office of the Texas Attorney General, Austin, TX, for Respondent.

<u>**ORDER ACCEPTING MEMORANDUM AND RECOMMENDATION**</u>

Drew B. Tipton, UNITED STATES DISTRICT JUDGE

**\*1**  Before the Court is the September 7, 2021 Memorandum and Recommendation ("M&R") signed by Magistrate Judge Jason B. Libby. (Dkt. No. 22). The M&R addresses Petitioner Rodolfo Martinez Alvarez's habeas corpus petition under 28 U.S.C. § 2254, challenging his 2017 state conviction for murder of a child. [1] In the M&R, Magistrate Judge Libby recommends granting Respondent Bobby Lumpkin's Motion for Summary Judgment, (Dkt. No. 16), and dismissing the action as time barred under the limitations period set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1). Magistrate Judge Libby further recommends denying a certificate of appealability. *See* 28 U.S.C. § 2253(c).

The Parties were provided proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); General Order No. 2002-13. No party has objected. [2] As a result, review is straightforward—plain error. [3] *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). No plain error appears. Accordingly, the Court **ACCEPTS** the M&R as the Court's Memorandum Opinion and Order.

The Court **GRANTS** Respondent Bobby Lumpkin's Motion for Summary Judgment and **DISMISSES WITH PREJUDICE** as time barred Alvarez's Section 2254 habeas petition. The Court **DENIES** a Certificate of Appealability.

It is SO ORDERED.

**All Citations**

Slip Copy, 2021 WL 4776747

## Footnotes

1    Alvarez was separately convicted of aggravated assault of a woman for the same conduct— a highspeed car crash while Alvarez was under the influence of alcohol—that resulted in his murder conviction. *See* (Dkt. No. 22 at 2 n.1). Alvarez challenges the aggravated assault conviction in a separate habeas action, for which Magistrate Judge Libby issued a separate M&R. Civil Action No. 6:21-CV-19, (Dkt. No. 21).

2    Though Alvarez did not file objections to the M&R, he did file a Notice of Appeal on September 17, 2021. (Dkt. No. 23). Magistrate Judge Libby issued an order striking the Notice of Appeal because it was prematurely filed. (Dkt. No. 25).

3    By contrast, when a "district court undertakes an independent review of the record," the "review is *de novo*, despite any lack of objection." *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

---

**End of Document**                                    © 2023 Thomson Reuters. No claim to original U.S. Government Works.

**WESTLAW**  © 2023 Thomson Reuters. No claim to original U.S. Government Works.                    2

2022 WL 897876
Only the Westlaw citation is currently available.
United States District Court, S.D. Texas, Victoria Division.

Kevin Paul CARTER, Petitioner,

v.

Bobby LUMPKIN, Respondent.

Civil Action No. 6:21-CV-00031

|

Signed 03/26/2022

|

Entered 03/28/2022

**Attorneys and Law Firms**

Kevin Paul Carter, Huntsville, TX, Pro Se.

Edward Larry Marshall, Nathan Tadema, TX Atty Generals Ofc Postconviction Lit, Austin, TX, for Respondent.

### MEMORANDUM OPINION AND ORDER ACCEPTING MEMORANDUM AND RECOMMENDATION

Drew B. Tipton, UNITED STATES DISTRICT JUDGE

**\*1** Pending before the Court is the October 1, 2021 Memorandum and Recommendation ("M&R") signed by Magistrate Judge Jason B. Libby. (Dkt. No. 20). In the M&R, Magistrate Judge Libby recommends that the Court (1) grant Respondent Bobby Lumpkin's Motion for Summary Judgment; (2) dismiss as untimely *pro se* Petitioner Kevin Paul Carter's petition for writ of habeas corpus under 28 U.S.C. § 2254; and (3) deny a certificate of appealability. Carter did not file a response to the Motion for Summary Judgment. [1] *See* (Dkt. No. 30).

The Parties received proper notice and the opportunity to object to the proposed findings and recommendations. [2] *See* 28 U.S.C. § 636(b)(1). Carter filed timely objections despite the fact that he did not respond to the Motion for Summary Judgment. (Dkt. No. 28). As a result, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). But a petitioner does not raise an objection "by merely reurging arguments contained in the original petition." *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993). Relevant here, a court must liberally construe a *pro se* document. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam).

The Court has conducted *de novo* review of those portions of the M&R to which Carter specifically objects. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Based on this review and for the reasons that follow, the Court **ACCEPTS** the M&R.

### I. REVIEW OF THE OBJECTIONS

Carter raises two primary objections. [3] First, he contends that Magistrate Judge Libby miscalculated the 28 U.S.C. § 2244(d)(1) statute of limitations and applicable tolling periods by failing to account for the prison mailbox rule. (Dkt. No. 28 at 1). Carter

2022 WL 897876

claims that when the prison mailbox rule is applied to the filing of his original state habeas petition, his motion to reconsider, and his subsequent state habeas petition—as well as his receipt of the state-court decisions on those filings—his federal habeas petition was only 44 days late, not seven months late. (*Id.* at 1–2).

**\*2** Carter also contends that Magistrate Judge Libby erred by concluding that the prison restrictions stemming from the COVID-19 pandemic did not necessitate equitable tolling of the statute of limitations. (*Id.* at 2). He claims that the prison "went into a full medically restricted lockdown, to which offenders were locked in a cell 24-hrs. a day without contact from others or [objects] other than what the medical department deemed necessary." (*Id.*). He claims that he had no access to the law library, legal materials, or the courts. (*Id.*). Carter argues that filing his federal habeas petition only 44 days late under these circumstances was reasonable and entitles him to equitable tolling of the Section 2244(d)(1) statute of limitations. (*Id.*). The Court disagrees.

## II. DISCUSSION

Equitable tolling is proper when an inmate "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010). "[N]either 'excusable neglect' nor ignorance of the law is sufficient to justify equitable tolling." *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002). Assuming without deciding that Carter's federal habeas petition was filed only 44 days late, equitable tolling still does not apply here. Thus, Carter's petition is untimely.

The Fifth Circuit has held that missing the deadline by only a few days, alone, is insufficient for equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 264–65 & n.16 (5th Cir. 2002). Further, the restrictions and limitations Carter faced due to the COVID-19 pandemic do not warrant equitable tolling of the statute of limitations in this case for the reasons Magistrate Judge Libby explained in the M&R. (Dkt. No. 20 at 6–9). The Court need not restate those reasons here. [4] *See Edmond*, 8 F.3d at 293 n.7 (A petitioner does not raise an objection "by merely reurging arguments contained in the original petition."). The Court overrules these objections. Because equitable tolling does not apply, Carter's Section 2254 habeas petition is barred by the statute of limitations.

## III. CONCLUSION

For the foregoing reasons, the Court **ACCEPTS** the M&R as the opinion of the Court. Accordingly, the Court **GRANTS** Respondent Bobby Lumpkin's Motion for Summary Judgment. (Dkt. No. 19). The Court further **DISMISSES WITH PREJUDICE** Petitioner Kevin Paul Carter's habeas petition under 28 U.S.C. § 2254 as untimely. (Dkt. No. 1). The Court further **DENIES** a certificate of appealability.

It is SO ORDERED.

## All Citations

Slip Copy, 2022 WL 897876

**Footnotes**

1  "Failure to respond to a motion will be taken as a representation of no opposition." Southern District of Texas Local Rule 7.4.

2  Rule 72 normally governs review of a magistrate judge's M&R. The comment to Rule 72 of the Federal Rules of Civil Procedure, however, states that Rule 72 is inapplicable in the habeas corpus context. *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition; *accord* Nara v. Frank, 488 F.3d 187, 195 (3d Cir. 2007).

3  Carter raises an argument that is irrelevant to the threshold question of whether his habeas petition is barred by the statute of limitations. Specifically, Carter contends that the state court's adjudication of his claims resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented under Section 2254(d)(2). (Dkt. No. 28 at 2). As the Court explains here, however, Carter's habeas petition is barred by the statute of limitations. The Court therefore should not reach the merits.

Carter also requests an evidentiary hearing. (*Id.*). But he fails to identify any disputed facts that, if resolved in his favor, would entitle him to habeas relief. *See* Norman v. Stephens, 817 F.3d 226, 235 (5th Cir. 2016). By his own admission, Carter needs equitable tolling to apply to timely file his habeas petition. But he does not identify any basis for an evidentiary hearing to resolve his request for equitable tolling. Thus, an evidentiary hearing is unnecessary.

4  Carter's objections with respect to the restrictions and limitations posed by the COVID-19 pandemic fail to demonstrate that he is entitled to equitable tolling for the same reasons his COVID-19 arguments in his original petition are insufficient. *Compare* (Dkt. No. 28 at 2) *with* (Dkt. No. 1 at 9). Carter does not explain how he has been pursuing his rights diligently or that an extraordinary circumstance prevented his timely filing. *See* Holland, 560 U.S. at 649, 130 S.Ct. at 2562. He merely argues that he did not have access to materials. But, as Magistrate Judge Libby explains, a petitioner can still file a habeas petition without access to legal materials. There are no allegations that Carter was prevented from filing.

---

**End of Document**

© 2023 Thomson Reuters. No claim to original U.S. Government Works.

2021 WL 7184955

Only the Westlaw citation is currently available.

United States District Court, S.D. Texas, Corpus Christi Division.

Paulo TREVINO, Jr., Petitioner,

v.

Bobby LUMPKIN, Respondent.

Civil Action No. 2:21-CV-00075

|

Signed 10/14/2021

**Attorneys and Law Firms**

Paulo Trevino, Jr., Rosharon, TX, Pro Se.

Edward Larry Marshall, Georgette Dudly Hogarth, Office of the Texas Attorney General, Austin, TX, for Respondent.

## <u>MEMORANDUM AND RECOMMENDATION</u>

Jason B. Libby, United States Magistrate Judge

**\*1**  Petitioner, Paulo Trevino, Jr., is a state prisoner incarcerated at the Terrell Unit in Rosharon, TX. (D.E. 1). Proceeding *pro se*, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his 2014 Nueces County conviction (Case Number 14-CR-1274-F) for aggravated robbery. (D.E. 1, Page 2). Pending is Respondent's Motion for Summary Judgment to which Petitioner has responded. (D.E. 13 and D.E. 22). For the reasons stated below, it is respectfully recommended the Court **GRANT** Respondent's Motion for Summary Judgment (D.E. 13) and **DISMISS** this action as time barred. The undersigned further recommends the Court **DENY** a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241 and 2254. A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000). Jurisdiction and venue are proper in this Court because Petitioner was convicted within the Corpus Christi Division of the Southern District of Texas. *Id.*; 28 U.S.C. § 124(b)(6).

## II. BACKGROUND

On September 26, 2014, Petitioner was found guilty by a jury of aggravated robbery and was sentenced to 45 years imprisonment as a habitual offender. (D.E. 12-45, Pages 24-26). Petitioner appealed this conviction, which was affirmed by the Thirteenth District Court of Appeals on December 29, 2016. (D.E. 12-1 and D.E. 12-6). Petitioner did not file a petition for discretionary review ("PDR") with the Texas Court of Criminal Appeals. (D.E. 1, Page 3 and D.E. 13-2). Petitioner filed a state habeas petition on or about November 21, 2017 which was denied without written order on findings of the trial court after a hearing and on the court's independent review of the record on September 16, 2020. (D.E. 12-26 and D.E. 12-44, Pages 4 and 28). Petitioner then filed this federal habeas action on April 16, 2021. (D.E. 1, Page 10).

2021 WL 7184955

## III. RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Respondent asserts this action should be summarily dismissed as time barred. The undersigned agrees. Petitioner's habeas petition is not timely filed pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA") which establishes a one-year statute of limitations period runs from the latest of four alternative dates:

> (A) the date on which the judgment become final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*2  28 U.S.C. § 2244(d)(1). This period is tolled during the time a petitioner properly files for state post-conviction writ review.  28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.") Petitioner filed his current petition after the effective date of AEDPA and so is subject to its provisions. Lindh v. Murphy, 521 U.S. 320 (1997).

Petitioner did not file a PDR and therefore, his conviction became final on Monday, January 30, 2017, when the 30-day period for seeking discretionary review expired after his conviction was affirmed by the Thirteenth District Court of Appeals on December 29, 2016. Butler v. Cain, 544 F.3d 314, 317 (5th Cir. 2008); Tex. R. App. P. 68.2; Fed. R. Civ. P. 6(a)(1)(c). As such, Petitioner had one year, until January 30, 2018, to timely file a federal application for habeas corpus relief. However, Petitioner's state habeas application filed on November 21, 2017 and denied on September 16, 2020, tolled the limitations period during this time. Therefore, Petitioner had until November 25, 2020 [1] to file a federal petition challenging his conviction. Petitioner did not file his petition until April 16, 2021.

However, the one-year period of limitations in  § 2244(d)(1) of AEDPA is not a jurisdictional bar and can be equitably tolled in rare and exceptional circumstances.  Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998); Umana v. Davis, 791 F. App'x 441, 443 (5th Cir. 2019). A petitioner is entitled to equitable tolling if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010) (citations omitted); Palacios v. Stephens, 723 F.3d 600, 604 (citing Manning v. Epps, 688 F.3d 177, 183 (5th Cir. 2012) (citations omitted)). "[N]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." Sutton v. Cain, 722 F.3d 312, 317 (5th Cir. 2013) (citing Fierro v. Cockrell, 294 F.3d 674, 682-83 (5th Cir. 2002) (It is "clear that a lack of knowledge of the law, however understandable it may be, does not ordinarily justify equitable tolling.") (citations omitted). Nor does unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason) or lack of representation during the applicable filing period merit equitable tolling. Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (citation omitted).

Petitioner fails to allege sufficient "extraordinary circumstances" that prevented him from timely filing his claim. While Petitioner asserts he did not know about the December 29, 2016 denial of his direct appeal until March 17, 2017, he did not diligently pursue his rights, waiting until November 21, 2017 to file a state habeas petition and then delaying over four months

past the deadline to properly pursue his federal habeas remedy after his state habeas was denied on September 16, 2020. *Schmitt v. Zeller*, 354 F. App'x 950, 951-52 (5th Cir. 2009) ("[A] component of the obligation to pursue rights diligently is not to wait until near a deadline to make a filing, then seek equitable tolling when something goes awry," denying tolling after Petitioner "delayed approximately ten months after his conviction was final before applying for state habeas relief."); (D.E. 22, Pages 11-13 and 15). Further, Petitioner asserts he was diagnosed with COVID and in lockdown from April 25, 2020 through July 4, 2020, prior to the denial of his state habeas petition on September 16, 2020. (D.E. 22, Pages 14-15). However, no additional tolling time is warranted for this period as Petitioner's state habeas petition has already tolled this period. Further, Petitioner has not presented any evidence that diminished access to law library materials actually prevented him from timely filing his federal petition. *Ramos v. Lumpkin*, No. SA-20-CA-01448-FB, 2021 WL 3410314, at * 3 (W.D. Tex. Aug. 4, 2021) ("As the majority of Petitioner's limitations period took place prior to the initiation of any COVID-19 protocols, his arguments regarding intermittent library access as a result of COVID-19 do little to explain why Petitioner could not have filed the instant petition earlier.") Additionally, the § 2254 form petition does not require a petitioner to analyze or cite case law. Lastly, courts in this Circuit have repeatedly found that prison lockdowns, including COVID-19 related lockdowns, that occur during the one-year limitations period do not justify equitable tolling. *Cruz v. Lumpkin*, No. 4:21-CV-610-P, 2021 WL 3710568, at * 2-3 (N.D. Tex. Aug. 18, 2021) (Intermittent lockdowns, limited access to the prison law library and an inability to obtain legal assistance because of COVID-19 pandemic procedures did not prevent petitioner from filing a federal habeas petition and are therefore not grounds for equitable tolling); *Ramos*, 2021 WL 3410314, at * 3 (Delays in accessing library materials because of COVID-19 protocols and lockdowns do not constitute an "extraordinary circumstance" which prevented Petitioner from timely filing his federal habeas petition); *United States v. Pizarro*, No. CR 16-63, 2021 WL 76405, at *2 (E.D. La. Jan. 8, 2021) (finding a COVID-19 lockdown which "impeded [Petitioner's] access to the facility's law library" did not justify equitable tolling as it did not actually prevent the petitioner from timely filing his habeas petition); *Coppin v. United States*, 3:10-CR0345-K91, 2018 WL 1122175, at *4 (N.D. Tex. Mar. 1, 2018) (A series of institutional lockdowns did not constitute an extraordinary circumstance to warrant equitable tolling); *Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011) (Temporary denial of access to research materials and inadequacies in the prison law library were not extraordinary circumstances sufficient to warrant equitable tolling).

  **\*3**  In this case, Petitioner has not shown any valid basis upon which to equitably toll the statute of limitations. The fact he missed the filing deadline by only four months is not in itself grounds for equitable tolling of the limitations period. *Lookingbill v. Cockrell*, 293 F.3d 256, 264-65 (5th Cir. 2002) (finding four-day delay in filing a federal habeas petition by a death row inmate did not justify equitable tolling); *Houston v. Stephens*, No. H-14-2871, 2015 WL 1519083, at *3-4 (S.D. Tex. March 31, 2015) (Habeas petitioner was not entitled to equitable tolling because he filed his federal petition only eight days after limitations period ended); *Espinoza v. Dir., TDCJ-CID*, CIV.A. 6:08-cv-92, 2009 WL 961173, at *4 (E.D. Tex. Apr. 8, 2009) (finding that "the fact [petitioner] filed his federal habeas corpus petition only four days after the limitations period expired does not itself offer any basis for relief, equitable or otherwise [because] [t]he Fifth Circuit has specifically held that the limitations period represents a bright line, and that the deadline cannot be adjusted merely because petitioner missed it by only a few days) (citation omitted).

Petitioner was not diligent in pursuing his rights, delaying over four months past the deadline to pursue his federal habeas remedy. Further, Petitioner has failed to demonstrate any extraordinary circumstance prevented the timely filing of his petition. While it may have been more difficult to complete and file his federal habeas petition, the undersigned recommends the COVID-19 pandemic and/or Petitioner's alleged delay of notice about the denial of his direct appeal did not prevent Petitioner from timely seeking § 2254 relief. Additionally, Petitioner's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Lastly, Petitioner's claim is based upon evidence that was available to him during the limitations period. Without a basis for equitable or statutory tolling, Petitioner's writ should be dismissed as time barred.

## IV. CERTIFICATE OF APPEALABILITY

2021 WL 7184955

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA"). A district court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that

court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." 🚩 *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general

assessment of their merits." 🚩 *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong." 🚩 *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis added).

In Petitioner's case, it is recommended that the Court find his claims be dismissed on procedural grounds. Reasonable jurists would not find that Petitioner has stated a valid claim of denial of a constitutional right, or that the assessment of limitations in this case is debatable. If the District Judge orders that Petitioner's habeas petition be denied and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the Court find a COA be denied because he has not made the necessary showing for issuance.

## V. RECOMMENDATION

**\*4** For the reasons stated above, it is respectfully recommended the Court **GRANT** Respondent's Motion for Summary Judgment (D.E. 13) and **DISMISS** this action as time barred. The undersigned further recommends the Court **DENY** a Certificate of Appealability.

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve

on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 🚩 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the District Court. 🚩 *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**All Citations**

Slip Copy, 2021 WL 7184955

WESTLAW   © 2023 Thomson Reuters. No claim to original U.S. Government Works.

## Footnotes

1      Respondent calculates the deadline as November 30, 2020. (D.E. 13, Page 12). However, when Petitioner filed his state habeas petition, there were 70 days remaining in the one-year limitations period. His petition was denied on September 16, 2020, making the new deadline 70 days later, on Wednesday, November 25, 2020. However, using either date, the petition is untimely by over four months.

**End of Document**                                                    © 2023 Thomson Reuters. No claim to original U.S. Government Works.

**WESTLAW**   © 2023 Thomson Reuters. No claim to original U.S. Government Works.                    5

2022 WL 263470

Only the Westlaw citation is currently available.

United States District Court, S.D. Texas, Corpus Christi Division.

Paulo TREVINO, Jr. Petitioner,

v.

Bobby LUMPKIN Respondent.

Civil Action No. 2:21-CV-00075

|

Signed 01/28/2022

**Attorneys and Law Firms**

Abid Naseer, Three Rivers, TX, Pro Se.

Michael Anthony Hylden, US Attorney's Office, Houston, TX, for Respondent.

### ORDER ADOPTING MEMORANDUM & RECOMMENDATION

NELVA GONZALES RAMOS, UNITED STATES DISTRICT JUDGE

**\*1** Petitioner, Paulo Trevino, Jr., is a state prisoner incarcerated at the Terrell Unit in Rosharon, Texas. D.E. 1. Proceeding pro se, he filed a habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his 2014 Nueces County conviction for aggravated robbery. D.E. 1 (citing Case Number 14-CR-1274-F). Respondent filed a Motion for Summary Judgment to which Trevino responded. D.E. 13, 22.

United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R), recommending that the Court grant Respondent's Motion for Summary Judgment and dismiss this action as time-barred under the Antiterrorism and Effective Death Penalty Act (AEDPA). D.E. 23, pp. 2–7. The M&R also recommends that the Court deny Trevino a certificate of appealability (COA). D.E. 23, pp. 7–8; *see* 28 U.S.C. § 2253(c). Pending before this Court are Trevino's objections to the M&R. D.E. 24. For the following reasons, the Court **OVERRULES** his objections and **ADOPTS** the Magistrate Judge's M&R.

### STANDARD OF REVIEW

The district court conducts a de novo review of any part of the magistrate judge's disposition that has been properly objected to. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

### TIME-BARRED HABEAS PETITION

In response to the M&R, Trevino reurges that the Court should review the merits of his claims because he should be excused from compliance with the statute of limitations due to (1) delay of notice to him that his direct appeal was denied, and (2) his COVID-19 illness which prevented him from timely seeking § 2254 relief. D.E. 24, p. 6. He also argues that the Court should

review his claims because they fall into an exception to limitations because they concern a constitutional right recognized by the Supreme Court. *Id.* at 4.

### I. Notice of result of appeal is not starting date for federal petition.

As the M&R states, the AEDPA provides four different dates that can start the running of the one-year limitations period; and the period runs from the latest of the four scenarios. 28 U.S.C. § 2244(d)(1)(A)–(D). Trevino attacks the proceedings associated with his conviction from the 214th District Court, Nueces County, Texas (D.E. 1, p. 2), so his one-year limitations period ran from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Under the facts of this case, this is the latest of the four dates on which the limitations period can begin; no other AEDPA provision warrants a later starting date. *Id.* 2244(d)(1)(A)-(D).

Trevino argues that the starting date should not be the date his judgment became final, but the date he received actual notice that his judgment was final. D.E. 24, pp. 2–3. But the Fifth Circuit has reasoned that " 28 U.S.C. § 2244(d)(1)(A) looks to when a judgment becomes final, not when the petitioner becomes aware that the judgment is final." *Crutcher v. Cockrell*, 301 F.3d 656, 657 (5th Cir. 2002) (per curiam). The Court rejects Trevino's argument that the delay in notice of the final judgment affects the expiration of limitations on his habeas petition.

### II. Lack of extraordinary circumstances due to COVID-19.

**\*2** Trevino reurges that his COVID-19 illness and associated lockdown between April 25, 2020 and July 4, 2020 constitute extraordinary circumstances justifying equitable tolling. D.E. 24, pp. 3–4. While Trevino initially focused on the impact of lockdown due to COVID-19, his objections to the M&R focus on how his illness impacted his ability to file on time. *Compare* D.E. 22, p. 13, *with* D.E. 24, pp. 3–4.

As the M&R states, Trevino's state habeas petition, submitted on November 21, 2017 and denied on September 16, 2020, already tolled the period when Trevino was sick and in lockdown. D.E. 24, pp. 2, 5 (citing D.E. 12-26; D.E. 12-44, pp. 4, 29; 28 U.S.C. § 2244(d)(2)). He cannot add seventy days of equitable tolling when that time already did not count toward his calculations. *See* 28 U.S.C. § 2244(d)(2) (tolling the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending"). And he has failed to submit any authority supporting his argument. The Court rejects the argument that he was entitled to additional time under the doctrine of equitable tolling for his period of illness that occurred during an already-tolled period.

### III. No newly recognized constitutional right.

Trevino also reurges that he has a basis for review of his claim on the merits because his claim "concern[s] a constitutional right recognized by the Supreme Court." D.E. 24, p. 4. To take advantage of this exception, Trevino must show that the constitutional right was a newly recognized constitutional right made retroactively applicable to cases on collateral review. 28 U.S.C. § 2244(d)(1). Trevino's constitutional claims were available to Trevino when his judgment became final on January 30, 2017. They are not new. Therefore, Trevino's argument does not warrant a different calculation for the AEDPA's one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

### CERTIFICATE OF APPEALABILITY

Trevino states that the recommended denial of a COA is premature because the Court has not yet ruled on the case. D.E. 24, p. 6. But as set out in the M&R, a court may rule on a COA when it rules on the merits of the case. Rule 11(a), 28 U.S.C. § foll. 2255. Because Trevino fails to show that the dispositive issues in this case are debatable, the Court **DENIES** a COA.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the M&R, as well as Trevino's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the M&R to which objections were specifically directed, the Court **OVERRULES** Trevino's objections and **ADOPTS** the Magistrate Judge's findings and conclusions. Accordingly, the Court **GRANTS** Respondent's Motion for Summary Judgment (D.E. 13) and **DISMISSES** Trevino's petition (D.E. 1).

ORDERED on January 28, 2022.

**All Citations**

Slip Copy, 2022 WL 263470

End of Document                                     © 2023 Thomson Reuters. No claim to original U.S. Government Works.

2022 WL 18779708

Only the Westlaw citation is currently available.

United States District Court, N.D. Texas, Dallas Division.

Dave Ester NEWMAN, #2139019, Petitioner,

v.

DIRECTOR, TDCJ-CID, Respondent.

No. 3:20-cv-3733-X (BT)

|

Signed November 28, 2022

**Attorneys and Law Firms**

Dave Ester Newman, New Boston, TX, Pro Se.

Jennifer Louise Wissinger, Cara Blossom Hanna, Office of the Texas Attorney General, Austin, TX, for Respondent.

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

REBECCA RUTHERFORD, UNITED STATES MAGISTRATE JUDGE

**\*1**  Dave Ester Newman, a Texas prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the petition to the United States magistrate judge for findings and a recommendation pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should DISMISS Newman's petition as untimely.

**Background**

On June 1, 2017, a Dallas County jury found Newman guilty of committing aggravated robbery with a deadly weapon and sentenced him to thirty years' imprisonment. *See The State of Texas v. Dave Ester Newman*, F-1630710-N; ECF No. 12-12 at 108. Newman then filed an application in state court for a writ of habeas corpus on June 12, 2017, which was dismissed on August 23, 2017, as improperly filed before the mandate issued. See *Ex parte Newman*, WR-87,180-01 (Tex. Crim. App. Aug. 23, 2017). The Texas Fifth Court of Appeals affirmed Newman's conviction on July 13, 2018. *Newman v. State*, 05-17-00659, slip op. (Tex. App.—Dallas 2018, pet ref'd). The Texas Court of Criminal Appeals (CCA) refused Newman's petition for discretionary review (PDR) on December 5, 2018. *Newman v. State*, PD-0785-18 (Tex. Crim. App. Dec. 5, 2018).

Newman then filed another state habeas application on January 6, 2020, which the CCA denied without written order on May 6, 2020. *See Ex parte Newman*, WR-87,180-02 (Tex. Crim. App. May 6, 2020); ECF No. 12-23 at 1.

Newman filed this federal habeas application on December 23, 2020, in which he claims his counsel was ineffective for failing to:

1. investigate his defense claims;

2. file a timely objection and suppression motion;

3. timely request an investigator;

4. challenge the indictment;

5. allow him to view the State's evidence against him;

6. file a motion to suppress or otherwise challenge the search and arrest warrants;

7. challenge a DNA report;

8. object to improper statements from the prosecution;

9. move for an instructed verdict;

10. ask for the correct lesser included offense instruction; and

11. request a mistrial.

ECF No. 3. at 6-9. The State filed a response, arguing that Newman's petition is time-barred. ECF No. 11. Newman filed a reply. ECF No. 16.

### Legal Standards and Analysis

A. Newman's federal habeas petition is untimely under the AEDPA.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal habeas proceedings. *See* AEDPA, Pub. L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A). [1]

**\*2** Here, Newman makes contradictory arguments regarding whether an accrual date other than that provided by Section 2244(d)(1)(A) might apply. On the one hand, he admits in his briefing that, without equitable tolling, his petition is untimely. *See, e.g.*, ECF No. 16 at 6. But he also suggests that Sections 2244(d)(1)(B), (C), and (D) might apply to provide a later accrual date. *See* ECF No. 16 at 6. Newman's propositions are unavailing.

Under Section 2244(d)(1)(B), the limitations period begins to run on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Newman claims that the "state action to lock down the [county]" "forced the prisons to lock down, and caused the law library to temporarily shut down as well." ECF No. 16 at 6. But Newman never says that any state action was unconstitutional, which is a necessary requirement for Section 2244(d)(1)(B) to apply. *See Hatcher v. Quarterman*, 305 F. App'x 195, 196 (5th Cir. 2008) (per curiam) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)). And Newman fails to identify any newly recognized claims made retroactive on federal habeas review at issue in his petition, so Section 2244(d)(1)(C) does not apply. Finally, Newman does not explain how Section 2244(d)(1)(D) would apply. He does not claim that the factual predicate of his claims could not have been discovered by the time his conviction became final under Section 2244(d)(1)(A). In short, Section 2244(d)(1)(A) supplies the appropriate accrual date for Newman's claims under AEDPA.

Applying 📁 Section 2244(d)(1)(A), the state court entered its judgment on June 1, 2017. *See The State of Texas v. Dave Ester Newman*, F-1630710-N; ECF No. 12-12 at 108. Newman filed a state habeas application on June 12, 2017, but the CCA dismissed it on August 23, 2017, because Newman filed it before the mandate became final. *See Ex parte Newman*, WR-87,180-01 (Tex. App. Aug. 23, 2017). The Fifth Court of Appeals affirmed Newman's conviction on July 13, 2018. *Newman v. State*, 05-17-00659, slip op. (Tex. App.—Dallas 2018, pet ref'd). The CCA refused Newman's PDR on December 5, 2018. [2] *Newman v. State*, PD-0785-18 (Tex. Crim. App. Dec. 5, 2018). Thus, for AEDPA purposes, his conviction became final, and the statute of limitations accrued, on March 5, 2019—ninety days after the CCA refused his PDR and the period for timely filing a petition for writ of certiorari with the Supreme Court expired. *See* 📁 *Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003) (finality determined by expiration of time for filing further appeals); SUP. CT. R. 13.1 (a petition for a writ of certiorari to review a judgment entered by a state court of last resort is timely when it is filed within 90 days after entry of the judgment). Absent tolling, then, Newman's limitations period expired one year later on March 5, 2020.

**\*3** Under AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 📁 28 U.S.C. § 2244(d)(2). Newman's first state habeas application did not toll the limitations period because it was improperly filed before the mandate issued. *See, e.g., North v. Davis*, 800 F. App'x 211, 213-14 (5th Cir. 2020) (per curiam). Newman's second state habeas application—filed on January 6, 2020 and denied on May 6, 2020—tolled the limitations period for 122 days; thus, Newman's limitations period, with the benefit of that tolling, was extended until July 6, 2020. *See Ex parte Newman*, WR-87,180-02 (Tex. Crim. App. May 6, 2020); ECF No. 12-23 at 1. But Newman did not file his federal habeas application until December 23, 2020—more than five months past the deadline.

In sum, absent equitable tolling, Newman's federal habeas petition is untimely.

### B. Newman is not entitled to equitable tolling.

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." 📁⚠️ *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also* 📁 *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling") (quoting 📁⚠️ *Davis*, 158 F.3d at 811). The Fifth Circuit has held that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." 📁 *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *abrogated on other grounds by* 📁 *Causey v. Cain*, 450 F.3d 601, 605-06 (5th Cir. 2006). A petitioner bears the burden of proof to show he is entitled to equitable tolling. 📁 *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Here, Newman says that equitable tolling is warranted because of the COVID-19 pandemic. ECF No. 16 at 2. More specifically, he says that COVID-19 forced prisons to temporarily lock down and the temporary closure of the law library, and then, on top of that, when the law library was open, capacity was capped at 20-25 people. *See* ECF No. 16 at 4. This restricted law library access, Newman asserts, is especially important for him as a layman without training in the law.

Newman's argument for equitable tolling is not persuasive and should be rejected. First, "courts have found that intermittent lockdowns and diminished access to the law library, even as a result of COVID-19 restrictions, do not constitute 'extraordinary circumstances' warranting equitable tolling." *Contreras-Beltran v. United States*, 2022 WL 4295254, at \*3 (N.D. Tex. Aug. 4, 2022), *rec. accepted* 2022 WL 4295296 (N.D. Tex. Sept. 16, 2022) (rejecting argument that limited access to law library in light of COVID-19 justified equitable tolling when the petitioner failed to show a causal link between the late filing and limited law library access) (citing *Delarosa v. Dir., TDCJ-CID*, 2022 WL 850041, at \*2-3 (N.D. Tex. Feb. 22, 2022), *rec. accepted Delarosa v. Dir., TCDJ-CID*, 2022 WL 847216 (N.D. Tex. Mar. 22, 2022)) (collecting cases finding pandemic-related circumstances,

including lockdowns and diminished library access, did not prevent filing of habeas petition); *see also Collins v. United States*, 2022 WL 3593056, at *6 (W.D. Tex. Aug. 22, 2022) ("The Covid-19 pandemic and the restrictions on petitioner's library access are insufficient to warrant equitable tolling.").

Second, Newman fails to show how the COVID-19 pandemic actually prevented him from timely filing his federal habeas petition. He does not, for example, allege how, specifically, the limited library access or lock downs caused him to miss the federal filing deadline. *See, e.g., Perez v. Davis*, 2017 WL 3142411, at *16 (S.D. Tex. June 28, 2017), *rec. accepted* 2017 WL 3120666 (S.D. Tex. July 21, 2017) (citing 🚩 *Holland v. Florida*, 560 U.S. 631, 649 (2010)) (requiring a causal connection between the extraordinary circumstances and the untimely filing) (further citations omitted). "Stated another way, [Newman] again shows no causal link between the pandemic-related impediments identified in his response—intermittent lockdowns and limited access to the law library—and [his] ability to file the [🚩 § 2254 petition]." *Contreras-Beltran*, 2022 WL 4295254, at *3 (citing *Nunez v. Danforth*, 2021 WL 1063127, at *2 (S.D.N.Y. Mar. 18, 2021); *Young v. Mississippi*, 2021 WL 4190646, at *5 (S.D. Miss. Aug. 6, 2021)).

 **\*4**  Finally, even in the context of the COVID-19 pandemic, a petitioner must provide sufficient evidence to determine whether he exercised diligence during "all time periods—before, during and after the existence of the COVID-19 pandemic." 🚩 *Fitzgerald v. Shinn*, 2020 WL 3414700, at *5 (D. Ariz. June 22, 2020); *see also United States v. Clay*, 2021 WL 2018996, at *3 (S.D. Tex. May 18, 2021) (collecting cases). Newman offers no evidence of his diligence before and during the COVID-19 pandemic. He does not explain why he waited ten months after his limitations period started before filing a state habeas petition. And he fails to explain why it took him more than seven months to file this federal habeas application after the CCA denied his state application.

Newman has not met his burden of showing that equitable tolling is warranted. His 🚩 Section 2254 petition is untimely and should be dismissed on that basis.

## Recommendation

The Court should DISMISS Newman's 🚩 Section 2254 petition as time-barred.

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 🚩 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See* 🚩 *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)

**All Citations**

Slip Copy, 2022 WL 18779708

## Footnotes

1    The statute provides that the limitations period shall run from the latest of—

        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

        ⚑28 U.S.C. § 2244(d)(1).

2    Newman claims, without reference to any authority, that, because he did not receive notice that his PDR was denied until January 10, 2019, his conviction became final 90 days from that date, April 10, 2019. This is incorrect. "When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final *ninety days after the highest court's judgment is entered*, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court." ⚑*Roberts*, 319 F.3d at 693 (emphasis added). So here, as discussed, because Newman did not file a petition for certiorari with the United States Supreme Court (ECF No. 3 at 4), his conviction became final on March 5, 2019—ninety days after the CCA denied his PDR.

---

**End of Document**         © 2023 Thomson Reuters. No claim to original U.S. Government Works.

2023 WL 2090988

Only the Westlaw citation is currently available.

United States District Court, N.D. Texas, Dallas Division.

Dave Ester NEWMAN, Petitioner,

v.

DIRECTOR, TDCJ-CID, Respondent.

No. 3:20-CV-3733-X-BT

Signed February 16, 2023

**Attorneys and Law Firms**

Dave Ester Newman, New Boston, TX, Pro Se.

Jennifer Louise Wissinger, Office of the Attorney General, Austin, TX, for Respondent.

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

BRANTLEY STARR, UNITED STATES DISTRICT JUDGE

**\*1**  The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. [Doc. No. 19]. Specifically, the Magistrate Judge concluded that Newman's "Section 2254 petition is untimely and should be dismissed." [1] Newman raises two objections.

First, Newman concedes that "his petition is out of time" but contends that the Court should nevertheless apply equitable tolling because his prison's "law library was [7] temporarily closed ... due to the outbreak of ... Covid-19." [2] He also contends that COVID-19's impact on the court system "violated [his] constitutional rights." [3] But he doesn't explain how or even identify which of his constitutional rights suffered. And the Magistrate Judge already rightly rejected that argument, citing numerous courts that have held that "intermittent lockdowns and diminished access to the law library, even as a result of COVID-19 restrictions, do not constitute 'extraordinary circumstances' warranting equitable tolling." [4] Second, Newman contends that the Court should factor in the time it took for him to "receive the notice of refusal" from the Texas Court of Criminal Appeals. [5] But the Magistrate Judge already rejected that argument because a conviction becomes final "*ninety days after the highest court's judgment is entered*"—not after the petitioner *receives* that judgment. [6]  In any event, Newman concedes that, even by his preferred math, his petition was still "a month late." [7]

Accordingly, the Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. Finding none, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Thus, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED** this 16th day of February, 2023.

**All Citations**

Slip Copy, 2023 WL 2090988

## Footnotes

1    Doc. No. 19 at 9.

2    Doc. No. 22 at 5. He also notes that his work schedule made library time difficult.

3    *Id.*

4    Doc. No. 19 at 7 (cleaned up).

5    Doc. No. 22 at 6.

6    Doc. No. 19 at 5 n.2 (cleaned up).

7    Doc. No. 22 at 8.

**End of Document**© 2023 Thomson Reuters. No claim to original U.S. Government Works.

 © 2023 Thomson Reuters. No claim to original U.S. Government Works.

2022 WL 902639
Only the Westlaw citation is currently available.
United States District Court, S.D. Texas, Houston Division.

Larry C. BALDOBINO, TDCJ # 0205792., Petitioner,

v.

Bobby LUMPKIN, Respondent.

CIVIL ACTION NO. 4:20-3458

|

Signed 03/28/2022

**Attorneys and Law Firms**

Larry C. Baldobino, Huntsville, TX, Pro Se.

Edward Larry Marshall, Gretchen B. Merenda, Office of the Attorney General of Texas, Criminal Appeals Division, Austin, TX, for Respondent.

**MEMORANDUM OPINION AND ORDER**

GEORGE C. HANKS, JR., UNITED STATES DISTRICT JUDGE

**\*1**  Petitioner Larry C. Baldobino, an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), filed a petition for a writ of habeas corpus under ⚑ 28 U.S.C. § 2254. Petitioner proceeds *pro se*. Respondent filed a motion for summary judgment (Dkt. 9) and a copy of the state court records (Dkt. 10; Dkt. 11). Baldobino has responded (Dkt. 12) and the motion is ripe for decision. Having reviewed the petition, the motions and briefing, the applicable law, and all matters of record, the Court will dismiss this action as time-barred for the reasons explained below.

## I. BACKGROUND

On April 1, 2016, a jury convicted Baldobino of burglary of a habitation, enhanced, in the 506th District Court of Grimes County, Case No. 17,951, Hon. Jo Ann Ottis presiding (Dkt. 10-10, at 63-67). The jury sentenced him to 32 years in prison and a $7500 fine.

On October 24, 2017, the First Court of Appeals affirmed Baldobino's conviction. *Baldobino v. State*, No. 01-16-00340-CR, 2017 WL 4782513 (Tex. App.–Hou. [1st Dist.] Oct. 24, 2017, no pet.); Dkt. 10-2; Dkt. 10-3. Although the Court of Criminal Appeals granted Baldobino an extension of time until March 13, 2018, to file a petition for discretionary review (Dkt. 9-1), Baldobino did not file the petition (Dkt. 10-6).

On November 28, 2018, Baldobino executed an application for state habeas relief, WR-89,489-01 (Dkt. 11-9, at 5-22). The record before this Court does not contain findings of fact and conclusions of law, or any recommendation, from the trial court regarding Baldobino's application. On February 20, 2019, the Court of Criminal Appeals denied relief without written order (Dkt. 11-7).

On March 15, 2020, Baldobino executed a second state habeas application, which was file-stamped by the trial court on June 25, 2020 (Dkt. 11-12, at 4-13). The Court of Criminal Appeals dismissed the application as subsequent on September 2, 2020 (Dkt. 11-10).

Baldobino executed his federal petition on October 2, 2020 (Dkt. 1). He brings three claims for relief: (1) he is actually innocent of burglary of a habitation because the prosecution did not present any evidence of forced entry into the home of his sister, Aurora McGrath; (2) his trial counsel was constitutionally ineffective because he failed to investigate and prepare Baldobino's innocence defense; and (3) the evidence was insufficient to support his conviction for burglary of a habitation because of evidence at trial showing that windows were blocked and could not have been used for entry, that Baldobino's fingerprints were not found, and that the locks had been changed before the burglary, among other evidence. [1] In this court, Baldobino submits an affidavit from McGrath that she executed on November 29, 2018, around the time he filed his state habeas application (Dkt. 1-2, at 15-16). In the affidavit, McGrath states that she was angry with Baldobino due to his substance abuse problem around the time of the burglary and, "because he was under the influence at time I discovered my jewelry was missing, immediately I 'suspected' that he was involved, without any actual proof of him even being involved" (*id.* at 16).

**\*2** Respondent has moved for summary judgment and seeks dismissal of all of Baldobino's claims under the statute of limitations.

## II. THE ONE-YEAR STATUTE OF LIMITATIONS

Baldobino seeks habeas relief under 28 U.S.C. § 2254. His petition is subject to the one-year limitations period for the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2241 *et seq.* The limitations period runs from the "latest of" four accrual dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time period during which a "properly filed application for State post-conviction or other collateral review" is pending is not counted toward the limitation period. *Id.* § 2244(d)(2).

In Baldobino's case, the appellate court affirmed his conviction on October 24, 2017. Baldobino did not file a petition for discretionary review before his deadline, which was March 13, 2018. His conviction therefore was final on March 13, 2018. *See* TEX. R. APP. P. 68.2; *Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) (holding that, "with respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires"). His limitations period under § 2244(d)(1)(A) thus expired one year later, on Wednesday, March 13, 2019. His federal petition, executed on October 2, 2020, is over 18 months late and time-barred unless a statutory or equitable exception applies.

Baldobino filed his first state habeas application on November 28, 2018. The application was pending for 84 days before the Court of Criminal Appeals denied relief on February 20, 2019. When 84 days are added to Baldobino's federal limitations

period, his filing deadline extends from March 13, 2019, to Wednesday, June 5, 2019. Because his federal petition was not executed until October 2, 2020, the tolling provision in ⚑ 28 U.S.C. § 2244(d)(2) does not render the petition timely. [2]

To the extent Baldobino relies on McGrath's affidavit as a "factual predicate" for his claims under ⚑ § 2244(d)(1)(D), his argument is unavailing. The affidavit is dated November 29, 2018, and therefore, even if could suffice as a new factual predicate, would extend his federal filing deadline to Friday, November 29, 2019. *See* ⚑ 28 U.S.C. § 2244(d)(1)(D). Baldobino did not execute his federal petition until October 2, 2020. Additionally, Baldobino does not demonstrate the applicability of any provisions in ⚑ § 2244(d)(1)(B) or ⚑ § 2244(d)(1)(C) that might warrant a later accrual date because he does not identify a state-created impediment to filing for habeas relief or a constitutional right newly recognized and made retroactive by the Supreme Court.

**\*3** To the extent Baldobino invokes equitable tolling of the limitations period based on McGrath's affidavit, he fails to show that he diligently pursued his rights or that an "extraordinary circumstance" stood in the way of a timely federal petition. *See* ⚑ *Holland v. Florida*, 560 U.S. 631, 649 (2010); ⚑ *Manning v. Epps*, 688 F.3d 177, 185 (5th Cir. 2012) ("petitioners seeking to establish due diligence must exercise diligence even when they receive inadequate legal representation"). As stated above, the affidavit is dated November 29, 2018, nearly two years before Baldobino filed his federal petition. [3]

Finally, Baldobino requests that the Court apply the actual-innocence exception to AEDPA's time bar. Actual innocence, if proved, serves as an equitable exception to the limitations period in ⚑ Section 2244(d) and allows a "gateway" for a petitioner to present claims that otherwise would be barred. ⚑ *McQuiggin v. Perkins*, 569 U.S. 383 (2013); ⚑ *Hancock v. Davis*, 906 F.3d 387, 389-390 (5th Cir. 2018). A showing of actual innocence is "rare" and requires a petitioner to show that, " 'in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.' " ⚑ *McQuiggin*, 569 U.S. at 386 (quoting ⚑ *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Although a petitioner is not required to show diligence, as would be required for equitable tolling, the timing of the petition "is a factor bearing on the 'reliability of the evidence' purporting to show actual innocence." ⚑ *Id.* at 386-87 (quoting ⚑ *Schlup*, 513 U.S. at 332). In other words, if a petitioner has delayed in bringing his claim of actual innocence, that delay is a factor relevant to the reliability of his evidence. ⚑ *Id.* at 399.

Here, Baldobino argues that the prosecution at his trial presented "no evidence proving beyond a reasonable doubt" that he committed burglary at his sister's home (Dkt. 1-2, at 2). He points to evidence from his trial that the burglarized home was cluttered, preventing a burglar's entry through a window, and that although surfaces in the home were dusty no fingerprints were found. *See, e.g., id.* (stating that an officer testified that there was no evidence of forced entry and that clutter blocked access through windows); *id.* at 8 (stating that an officer testified that the desk was dusty but that he found no prints); *id.* at 9-10 (arguing that, but for ineffective assistance from trial counsel, no reasonable jury would have found him guilty beyond a reasonable doubt); Dkt. 12 (raising similar arguments). He also argues that, although he had been captured on surveillance tape pawning items that his sister claimed had been stolen from her, no evidence sufficiently established that he personally had stolen the items, *see, e.g.*, Dkt. 1-2, at 3, and that the prosecution failed to prove all elements of burglary because they presented no evidence of "forced entry" (Dkt. 12, at 4). [4]

**\*4** Baldobino's arguments regarding actual innocence rely on evidence that was in the trial record, such as the officer's testimony and the surveillance tape, and on McGrath's affidavit from 2018. He makes no showing of "new evidence" that is material to his conviction and could satisfy the actual innocence standard. *See* ⚑ *McQuiggin*, 569 U.S. at 386; ⚑ *Hancock*, 906 F.3d at 389-390.

2022 WL 902639

Because Baldobino's petition is time-barred and he presents no meritorious argument to extend the limitations period in his case, Respondent's motion to dismiss will be granted.

## III. CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate " 'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.' " *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (cleaned up). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Respondent's motion for summary judgment (Dkt. 9) is **GRANTED**.

2. The petition for habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) is **DISMISSED** with prejudice as time-barred.

3. A certificate of appealability is **DENIED**.

**All Citations**

Slip Copy, 2022 WL 902639

**Footnotes**

1       The appellate court's opinion provides the following facts about Baldobino's conviction for burglarizing his sister's home:

The complainant, Aurora Baldobino McGrath, reported a theft of jewelry from her home. She suspected her brother, appellant, of having taken it. Following an investigation, appellant was arrested and charged with burglary of a habitation. ... A little more than a month before McGrath's jewelry was stolen, she and appellant had had an altercation

at McGrath's daughter's house that ended when the police issued a criminal trespass warning against appellant to prevent him from going to McGrath's home. This criminal trespass warning was still in effect at the time McGrath's jewelry was stolen.

... [In 2015,] McGrath subsequently received a phone call from her nephew, who told her that appellant had sold one of her rings to the nephew's son. After confirming that the ring appellant had sold to her family member was one of the rings stolen from her house, she reported the theft to the police on July 14, 2015.

... Officer Garcia inspected McGrath's house and noted that it was cluttered, filthy, and had an unpleasant odor. Clutter prevented Officer Garcia from properly examining the back windows. There were no room to dust for fingerprints either. However, Officer Garcia noted that the clutter remained untouched, and upon examining the whole house, he found no signs of forced entry. No doors and windows appeared to have been tampered with.

Navasota Police Department Investigator Tucker ... found that [Baldobino] had pawned some jewelry at a Cash America pawnshop in nearby Bryan, Texas ... on July 12, 2015 ...

McGrath confirmed that the pawned jewelry was the jewelry that was stolen from her. Investigator Tucker then interviewed appellant over the phone. Investigator Tucker and appellant agreed to meet and talk to each other, and appellant told Tucker that he would "attempt to get some of the jewelry back." However, appellant did not show up for his interview, nor did he retrieve any of the jewelry.

At trial, there was also evidence of a conversation between appellant and his sister Dell Martinez that occurred while appellant was in jail following his arrest for the burglary. In the recording, appellant said, "They don't have no proof of me going into that house and they don't have no proof of me stealing that jewelry."

*Baldobino*, 2017 WL 4782513, at \*1–2.

2       Baldobino's second state habeas application, executed on March 15, 2020, did not toll the limitations period under AEDPA because, at the time Baldobino filed it, the limitations period already had expired. *See* 28 U.S.C. § 2244(d)(2); *Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013).

3       Baldobino also appears to argue that the COVID-19 pandemic delayed his state habeas application (Dkt. 12 at 2). However, his first state application, and McGrath's affidavit, were executed in 2018, long before the pandemic caused shutdowns and delays in Texas. *See* Governor Abbott Declares State of Disaster In Texas Due To COVID-19 (Mar. 13, 2020), available at https://gov.texas.gov/news/post/governor-abbott-declares-state-of-disaster-in-texas-due-to-covid-19 (last visited Mar. 25, 2022).

4       At the time Baldobino was convicted, a person committed burglary under Texas law if the person entered a building "without the effective consent of the owner" and committed, or attempted to commit, a felony, theft, or assault. TEX. PENAL CODE § 30.02(a)(3) (2016). The statute defines "enter" as "to intrude ... any part of the body" or "any physical object connected with the body," without mention of forced entry. *Id.* § 30.02(b) (2016).

---

**End of Document**                                                      © 2023 Thomson Reuters. No claim to original U.S. Government Works.